## William W. Harter, Appellee, v. Fred J. Wells, Appellant.

INSTRUCTIONS—*must be predicated upon the evidence.* An instruction which assumes an interest in the controversy which does not in fact exist or which is not established by the evidence, is erroneously given.

Assumpsit. Appeal from the Circuit Court of Crawford county; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the March term, 1910. Reversed and remanded. Opinion filed August 5, 1910.

McCARTHY & ARNOLD, for appellant.

BRADBURY & GAINES, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Appellee brought suit in assumpsit, to recover $3000 claimed to be due him from appellant on a contract of sale of certain interests in oil leases on lots in Oblong, Illinois, and recovered a judgment for $1,500.

It appeared from the proofs that J. A. Libby and appellant, Fred J. Wells, of the state of New York, doing business under the firm name of Libby, Wells & Company, were oil prospectors, engaged in taking leases and producing oil and gas in Crawford county, Illinois, in May, 1909, and had appellee and G. R. McGranahan, who were associated together in the business of drilling wells, working for them. About that time Libby ordered the drilling outfit to be moved on to some lots in the village of Oblong in said county. After the change had been made and the drilling begun on the lots, Libby received word that the other members of the firm were not satisfied with the change and he so informed appellee. An agreement was thereupon entered into between Libby on the one part and appellee and McGranahan on the other, by the terms of which the former was to retain one half interest in the lease, while each of the latter was to receive one-fourth interest therein. The interest received by appellee and McGranahan was to pay them for drilling wells and under this arrangement, five oil wells were drilled. When the work had proceeded thus far with some success, appellant became interested and proposed to buy appellee's interest in the lease. Appellee testified that appellant said to him, "I will give you $5500 for your interest and I will pay all the indebtedness on this quarter section from the beginning," and that this proposition was accepted. Appellant testified that he said to appellee, "Mr. Harter I will give you $5,500 for your quarter interest in these leases including assets and all that goes with them. I will pay you cash and you turn over everything to me," and that Harter said "All right." Subsequently a written assignmnt of his interest to appellant, was executed by appellee. This assignment states that for the purported consideration of one dollar, appellee sells and transfers to appellant all his "equal undivided one-quarter interest in and to all certain leases," describing them; "and also all assets of these leases including oil run in pipe line." It also contains the following provision: "Both parties agree that terms and prices of this lease shall be kept confidential." The written instru-

ment is therefore of very little assistance in determining the actual agreement between the parties.

Appellee claims that under the agreement, appellant should pay him his share of the cost of drilling the five wells, which had been contracted to be drilled, at eighty cents a foot; that he made out a bill for the same, which amounted to about $2500 and presented it to appellant, who assented to it; that he also paid out about $1000 on the indebtedness connected with the drilling, at the request of appellant.

Appellant denied both these statements and alleges that he paid some $600 to McGranahan to apply on the debts connected with the drilling, which was sufficient to cover all his liability under the contract and that he owed appellee nothing thereon.

The judgment in this case cannot be permitted to stand on account of errors on the part of the trial court in the modification of certain instructions offered by appellant, but we have made the above statement at some length in order that the contentions of the parties may be considered in connection with said instructions.

The first of the instructions above referred to, as modified by the court, read as follows, the modification being shown in italics:

"Although you believe from the evidence that defendant was to pay certain outstanding indebtedness in addition to said sum of $5,500 for plaintiff's interest in the property, yet if you further believe that plaintiff accepted said sum of $5,500 as full compensation to him *for his interest in the property, and also for his own work in drilling wells on the premises* he cannot charge up to defendant for his own work and labor in drilling wells on said property."

The fifth instruction as modified by the court is as follows:

"You are instructed if you believe from the evidence that plaintiff Harter sold certain interests in oil leases on lots in Oblong, Illinois, to defendant Wells and was to receive as the purchase price therefor the sum of $5,500 for all his rights, title and interest therein *including plaintiff's*

*claim for drilling wells on said premises,* and if you further find from the evidence that said sum was paid by defendant to plaintiff and accepted by plaintiff as full compensation for said property *and for plaintiff's claim for drilling wells on said premises,* then your verdict should be for the defendant, *as to plaintiff's claim for drilling wells on said premises."*

The modifications of the above instructions made by the court, plainly indicated to the jury that plaintiff was, by the contract, to receive pay for his own work in drilling wells on the premises in addition to compensation for his interest in the property.

The evidence showed that appellee and McGranahan were to receive their interest in the wells for drilling the same. If therefore appellee owned the one-fourth interest in the wells which he sold to appellant, he must have paid for the same by his share of the work in drilling them. The cost of drilling the wells was not an indebtedness against the firm for it was paid for as the wells were sunk, by the interest in the same given to the parties doing the drilling. Appellee could have had no interest in the wells to sell to appellant, unless he had paid for it by the drilling. He and McGranahan could not, by any construction of the contract with Libby, have retained their interest in the wells and also have recovered from Libby the cost of sinking the same. The court therefore erroneously assumed in the instructions named that appellee could have an interest in the wells, which he was to pay for by drilling and still have a claim for drilling the same.

For the errors contained in the modification of said instructions the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*